IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| FREDRICK W. HEROLD, JR., | * | |
|---|---|---|
| Plaintiff, | * | |
| | * | Civil Action No. RDB-19-2138 |
| v. | * | |
| CARLA LYNN KNIGHT, *et al.*, | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

*Pro se* Plaintiff Fredrick Herold, Jr. ("Plaintiff") brings a thirteen-count Complaint against Defendants Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"); Bradford E. Bugher; Kristina Herold; Carla Lynn Knight, in her capacity as Personal Representative for the Estate of Fredrick William Herold; Julie A. Morrone; Allison P. Dickie; Kristin H. Larimore; and Jonathan D. Herold (collectively, "Defendants"). (Compl., ECF No. 2.) Plaintiff alleges breach of fiduciary duty; breach of contract; conversion; fraud; constructive fraud; gross negligence; negligence; conspiracy; professional negligence; breach of the implied covenant of good faith and fair dealing; misrepresentation; civil aiding and abetting; and tortious interference with inheritance. (*Id.* at 11-15.) Currently pending before this Court are Plaintiff's Motion to Remand (ECF No. 8); Defendant Kristina Herold's Motion to Dismiss (ECF No. 11); Defendants Merrill Lynch and Brad Bugher's Motion to Dismiss (ECF No. 13); Plaintiff's Motion for Leave to File Electronically (ECF No. 17); Defendants Merrill Lynch and Brad Bugher's Motion to Strike Motion to Remand and Supplement to Motion to Remand (ECF No. 19); Defendant Carla Lynn Knight's Motion to Dismiss (ECF No. 24);

Defendant Carla Lynn Knight's Motion to Strike Amended Complaint Attached as Exhibits 2 and 5 to Plaintiff's Opposition to Motion to Dismiss (ECF No. 33); Plaintiff's Motion to Expedite Motion to Remand (ECF No. 36); and Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 38).

The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated below, Plaintiff's Motion to Remand (ECF No. 8) is GRANTED; Defendant Kristina Herold's Motion to Dismiss (ECF No. 11) is DENIED AS MOOT; Defendants Merrill Lynch and Brad Bugher's Motion to Dismiss (ECF No. 13) is DENIED AS MOOT; Plaintiff's Motion for Leave to File Electronically (ECF No. 17) is DENIED AS MOOT; Defendants Merrill Lynch and Brad Bugher's Motion to Strike Motion to Remand and Supplement to Motion to Remand (ECF No. 19) is DENIED AS MOOT; Defendant Carla Lynn Knight's Motion to Dismiss (ECF No. 24) is DENIED AS MOOT; Defendant Carla Lynn Knight's Motion to Strike Amended Complaint Attached as Exhibits 2 and 5 to Plaintiff's Opposition to Motion to Dismiss (ECF No. 33) is DENIED AS MOOT; Plaintiff's Motion to Expedite Motion to Remand (ECF No. 36) is DENIED AS MOOT; and Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 38) is DENIED AS MOOT. This case will be remanded to the Circuit Court for Baltimore County, Maryland.

## BACKGROUND

On June 23, 2019, Plaintiff, a citizen and resident of the Commonwealth of Virginia, filed the instant suit in the Circuit Court for Baltimore County, Maryland against Defendants Merrill Lynch, Kristina Herold, Brad Bugher, Carla Lynn Knight as personal representative for the Estate of Fredrick William Herold, Julie Morrone, Allison Dickie, Kristin Larimore,

2

and Jonathan Herold. *(See* ECF No. 2-1; *see also* ECF No. 1.) Defendant Kristina Herold, a citizen and resident of the State of Maryland, was served on July 19, 2019. *(See* Notice of Removal, ECF No. 1; Statement Regarding Removal, ECF No. 9.) Defendant Merrill Lynch, a Delaware corporation with its principal place of business in New York, New York, was also served on July 19, 2019. *(Id.)* Defendants Julie Morrone, Allison Dickie, and Jonathan Herold, all citizens and residents of Maryland, were served on July 20, 2019. *(Id.)* Defendant Kristin Larimore and Defendant Carla Lynn Knight as personal representative for the Estate of Fredrick William Herold, both citizens and residents of Maryland,[1] were never served process. *(Id.;* Mot. to Remand at 2; ECF No. 8.) On July 19, 2019, Merrill Lynch removed the action to this Court on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1.)

## STANDARD OF REVIEW

This Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In making this determination, this Court "must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-23 (4th Cir. 1989).

---

[1] Under 28 U.S.C. § 1332(c)(2), a personal representative of an estate is "deemed to be a citizen only of the same State as the decedent." It is undisputed that the decedent, the late Fredrick William Herold, was a citizen of the State of Maryland, and his Last Will and Testament was probated in the State of Maryland. (Notice of Removal, ECF No. 1; Compl., ECF No. 2.) Accordingly, Carla Lynn Knight, as personal representative of the decedent's estate, is a citizen of the State of Maryland in this case.

3

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)-(c). Once an action is removed to federal court, the plaintiff may file a motion to remand the case to state court if there is a contention that jurisdiction is defective. 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing jurisdiction in the federal court. *Johnson v. Advance America*, 549 F.3d 932, 935 (4th Cir. 2008). This includes establishing compliance with the removal statute's requirements. *See Marler v. Amoco Oil Co.*, 793 F. Supp. 656, 658-59 (E.D.N.C. 1992) ("Defendant bears the burden of establishing the right to removal, including compliance with the requirements of [28 U.S.C.] § 1446(b)."). On a motion to remand, this Court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (citation omitted); *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004).

## ANALYSIS

Merrill Lynch removed this case to federal court based on diversity jurisdiction. (*See* Notice of Removal, ECF No. 1.) A diversity case is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). This requirement is often referred to as "the forum defendant rule." In this case, it is undisputed that Defendant Kristina Herold is a forum defendant residing in Maryland. (*See* Notice of Removal, ECF No. 1; Compl., ECF No. 2.) It is also undisputed that Merrill Lynch filed its Notice of Removal in federal court on July 19, 2019. (ECF No. 1.) The Notice of Electronic Filing reflects that the Notice of Removal was

4

filed at exactly 4:52 p.m. (*Id.*) The Notice of Removal was also filed in state court on July 19, 2019 at 5:47 p.m. (*See* Confirmation Email, ECF No. 20-2.) Defendant Kristina Herold was served on July 19, 2019 at 3:16 p.m. (*See* United States Postal Service Proof of Delivery, ECF No. 20-4.) Consequently, because a forum defendant was "properly joined and served" prior to Merrill Lynch's filing its Notice of Removal, this case was improperly removed from the state court.

Merrill Lynch argues that Plaintiff did not properly serve Defendant Kristina Herold because Plaintiff did not mail the summons and Complaint "by certified mail requesting: 'Restricted Delivery – show to whom, date, address of delivery,'" as required by Maryland's service of process rules. *See* Md. Rule 2-121(a)(3). Plaintiff asserts that he did mail the summons and Complaint with "restricted delivery," and provides the United States Postal Service Certified Mail Receipt, which reflects "Certified Mail Restricted Delivery" was selected without any additional fee. (ECF No. 16-2.) In response, Merrill Lynch contends that Plaintiff altered the postal receipt to include "restricted delivery," and that Plaintiff could not possibly have used restricted delivery because he did not pay for it. (ECF No. 20 at 2-4.) Plaintiff denies this allegation, providing a sworn affidavit stating that he requested "restricted delivery," and the "postal worker assured [Plaintiff] that the mail would be sent via Restricted Delivery," and "informed [Plaintiff] that electronic return receipts, such as the ones used in this case, are not subject to additional fees for restricted delivery." (Plaintiff's Affidavit ¶¶ 4-7, ECF No. 23-6.)

It is Defendant's burden to establish the right to removal, including compliance with the removal statute's requirements. *See Marler*, 793 F. Supp. at 658-59. In addition, this Court

5

must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson*, 950 F. Supp. at 701-02. Defendant Merrill Lynch has not met its burden to establish that removal is proper under 28 U.S.C. § 1441(b). Plaintiff submitted an affidavit that he ordered "restricted delivery" for a forum defendant who was served prior to Merrill Lynch's filing its Notice of Removal. As such, any doubt raised by Defendants as to whether Plaintiff altered the mail receipt to comply with Maryland's service of process rules must be resolved in favor of remanding to the state court. *See Shifflett v. A.C. & R. Insulation Co.*, Civil No. WDQ-07-2397, 2008 WL 11509451, at * 5 (D. Md. Oct. 15, 2008) (remanding to state court because it was "unclear when the complaint was served," plaintiff "provided a United States Postal Service receipt" indicating a certain date which defendants disputed, and such "uncertainty must be resolved in favor of the [plaintiffs]"). Accordingly, this case will be remanded to the Circuit Court for Baltimore County and the remaining motions will be denied as moot.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand (ECF No. 8) is GRANTED; Defendant Kristina Herold's Motion to Dismiss (ECF No. 11) is DENIED AS MOOT; Defendants Merrill Lynch and Brad Bugher's Motion to Dismiss (ECF No. 13) is DENIED AS MOOT; Plaintiff's Motion for Leave to File Electronically (ECF No. 17) is DENIED AS MOOT; Defendants Merrill Lynch and Brad Bugher's Motion to Strike Motion to Remand and Supplement to Motion to Remand (ECF No. 19) is DENIED AS MOOT; Defendant Carla Lynn Knight's Motion to Dismiss (ECF No. 24) is DENIED AS MOOT; Defendant Carla Lynn Knight's Motion to Strike Amended Complaint Attached as Exhibits

2 and 5 to Plaintiff's Opposition to Motion to Dismiss (ECF No. 33) is DENIED AS MOOT; Plaintiff's Motion to Expedite Motion to Remand (ECF No. 36) is DENIED AS MOOT; and Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 38) is DENIED AS MOOT. This case will be remanded to the Circuit Court for Baltimore County, Maryland.

A separate Order follows.

Dated: February 24, 2020

/s/ Richard D. Bennett

Richard D. Bennett
United States District Judge